State vs. Armstrong.

---

No. 11,910.

THE STATE vs. WILLIAM ARMSTRONG.

An application for a new trial of the accused, convicted of murder, supported by his affidavit that he has learned, since the conviction, of witnesses who will testify to his innocence; that the offence was committed by another, and that if allowed until the succeeding day he will produce the witnesses or their affidavit, affords a basis for the allowance of the brief delay asked and should have been afforded the accused. State vs. Hyland, 36 An. 87.

APPEAL from the Second Judicial District Court for the Parish of Bossier. *Watkins, J.*

*M. J. Cunningham*, Attorney General, and *A. J. Murff*, District Attorney, for Plaintiff, Appellee.

*J. A. W. Lowry* for Defendant, Appellant.

Submitted on briefs November 9, 1895.
Opinion handed down January 20, 1896.

The opinion of the court was delivered by

MILLER, J.    The defendant appeals from a sentence for murder.

His reliance is on a bill of exceptions to the refusal of the lower court of his application for a new trial, on the ground of newly discovered evidence.    The affidavit of the defendant is to the effect that two witnesses would testify that the accused did not commit the crime, but that it was committed by another person not named, but whom they would recognize if presented; that another witness would testify he saw a man with whom the deceased had quarreled, on the night of the killing and a short time before, drag the body of the deceased and place it under the house, and the affidavit, besides, is that named persons had heard others state after the trial that the accused was not guilty, but another had done the killing.

The affidavit states the accused learned of the testimony after the trial, that he has been in jail since, with no opportunity to see the witnesses.    The affidavits of none of the persons referred to by him are produced, but the affidavit is that if a short delay, *i. e.*, until the succeeding day, is allowed, the witnesses or their affidavits will be produced.

In refusing the application, the judge states several eye-witnesses testified they saw the defendant shoot the deceased while defendant was lying in wait in a chimney corner; that the defence was an *alibi* not satisfactorily proved, that the application for the new trial was, to obtain testimony on a different line from that of an *alibi* relied on at the trial, and that the testimony suggested in the application is hearsay and proposes the impeachment of the State's witnesses.

The statement of the judge of the testimony on the trial is in some degree qualified by the additional statement the *alibi* was not satisfactorily proved.    If the testimony administered left a doubt on the mind of the judge, it afforded some strength to the application based on the ground of positive testimony, the accused did not kill the deceased, but that another committed the offence.    The affidavit does refer to hearsay, but also states there can be produced the testimony

not hearsay, of the killing by another than the accused.   The line
of defence that the accused was not present, is in our view consistent
with testimony that a person other than defendant perpetrated the
crime.    It is true the affidavit of the accused is not supported by the
affidavits of those to whom he refers, but he asked but a short
period within which to procure the attendance of the witnesses.

We think the affidavit affords a basis to allow a reasonable time
for the defendant to procure the affidavits of those to whom he re-
fers.    The legal discretion of the lower court in refusing or granting
new trials is always presumed to be properly exercised, and we have
no doubt the judge will give the showing the accused may be able to
make, the weight to which it may be entitled, and will refuse the
new trial if the basis is not laid.   We do not disturb the verdict of
the jury, but in view of the nature of the affidavit, and the brief
time asked on behalf of the accused to support his application, we re-
mand the case to afford him the opportunity for the showing he
claims he can make.

It is therefore ordered that the sentence of the lower court be set
aside, the verdict of the jury not disturbed; that defendant's rule for
the new trial be reinstated to afford defendant such reasonable time
as the lower court shall prescribe to make the showing for the new
trial he claims he can make, after that showing the court to dispose
of the application of defendant for the new trial, grant it or sentence
the accused according to law, the accused to be held in custody to
abide the action of the court.